UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JAMES R. ALONZO, | DOCKET NUMBER |
|           Appellant, | DA-0714-18-0395-I-1 |
| | DA-0714-18-0513-I-1 |
|      v. | |
| DEPARTMENT OF VETERANS | |
|   AFFAIRS, | DATE: May 12, 2023 |
|          Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jeremy Gilbreath</u>, Esquire, San Antonio, Texas, for the appellant.

<u>Robert C. Burlison, III</u>, Esquire, San Antonio, Texas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has petitioned for review of the November 2, 2018 initial decision in these joined appeals. *Alonzo v. Department of Veterans Affairs*, MSPB Docket No. DA-0714-18-0395-I-1, Initial Appeal File (0395 IAF),

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Tab 31[2]; Petition for Review (0395 PFR) File, Tab 1. For the reasons set forth below, we DISMISS these appeals as settled.

¶2     After the filing of the petition for review, the parties submitted a document entitled "SETTLEMENT AGREEMENT" signed and dated by the appellant on March 10, 2023, and by the agency on March 15, 2023. 0395 PFR File, Tab 3 at 6-9. The document provides, among other things, for the withdrawal of the appellant's petition for review in the above-captioned appeals. *Id.* at 6.

¶3     The Board retains jurisdiction to enforce a settlement agreement if it has been entered into the record for that purpose. *Delorme v. Department of the Interior*, 124 M.S.P.R. 123, ¶¶ 16, 21 (2017). If the parties enter an agreement into the record and it is approved by the administrative judge, it will be enforceable by the Board unless the parties clearly specify that they do not want Board enforcement. *Stewart v. U.S. Postal Service*, 73 M.S.P.R. 104, 107-08 (1997); *see* 5 C.F.R. § 1201.41(c)(2)(i) (providing that a settlement agreement will be made a part of the record, and the Board will retain jurisdiction to ensure compliance, if the parties offer it for inclusion into the record and the judge approves it). In addition, before accepting a settlement agreement into the record for enforcement purposes, the Board must determine whether the agreement is lawful on its face and whether the parties freely entered into it. *See Delorme*, 124 M.S.P.R. 123, ¶¶ 10-11.

¶4     Here, we find that the parties have entered into a settlement agreement, understand its terms, and intend for the agreement to be entered into the record for enforcement by the Board. 0395 PFR File, Tab 3 at 4-9. Accordingly, we find that dismissing the appeal with prejudice to refiling (i.e., the parties normally may not refile this appeal) is appropriate under these circumstances. In

---

[2] The administrative judge joined MSPB Docket No. DA-0714-18-0395-I-1 and MSPB Docket No. DA-0714-18-0513-I-1 in an October 17, 2018 order. 0395 IAF, Tab 30. MSPB Docket No. DA-0714-18-0395-I-1 is designated as the lead case, and subsequent citations to the record will be to this docket number.

addition, we find that the agreement is lawful on its face and freely entered into, and we accept the settlement agreement into the record for enforcement purposes.

¶5      In light of the foregoing, we find that dismissing the petition for review with prejudice to refiling (i.e., the parties normally may not refile this appeal) is appropriate under these circumstances.

¶6      This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE TO THE PARTIES OF THEIR
## ENFORCEMENT RIGHTS

If the agency or the appellant has not fully carried out the terms of the agreement, either party may ask the Board to enforce the settlement agreement by promptly filing a petition for enforcement with the office that issued the initial decision on this appeal.  The petition should contain specific reasons why the petitioning party believes that the terms of the settlement agreement have not been fully carried out, and should include the dates and results of any communications between the parties.  5 C.F.R. § 1201.182(a).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.